**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**ALBERT JOHN, Defendant**

Criminal No. F322/1994

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 27,1995

Douglas Dick, Esq., Assistant Attorney General, St. Thomas, V.I., *for plaintiff*

Brenda Scales, Esq., Territorial Public Defender, St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION II

This matter is before the Court on Defendant's Motion to Issue a Subpoena Duces Tecum for the minor victim's records from the Department of Human Services and the Department of Education and the Government's Motion in Limine to exclude such records for lack of relevancy. The questions presented by the motions are (1) whether this court may order the Department of Human Services to release the victim's records to Defendant pursuant to 5 V.I.C. § 2528(a); and (2) whether the victim's school records are relevant to Defendant's defense? For the following reasons, the Court will grant Defendant's Motion to Issue the Subpoenas Duces Tecum and will deny the Government's Motion in Limine.

### I.

Defendant was arrested on October 17, 1994 and charged with Child Abuse in violation of 14 V.I.C. § 505 [Count I];[1] Assault in the Third Degree in violation of 14 V.I.C. § 297(2) [Count II]; and Aggravated Assault and Battery in violation of 14 V.I.C. § 298(5) [Count III].

Defendant requests that the Court issue a subpoena duces tecum ordering the V.I. Department of Human Services to produce copies of the case of his minor daughter, the victim in this matter, and to order the V.I. Department of Education to produce all of the victim's disciplinary records. In support of his motion, Defendant states that 14 V.I.C. 507 and 14 V.I.C. § 293(a)(1) permit parents to discipline their children by the exercise of moderate restraint or correction, and that the requested records will show that the victim constantly presented disciplinary problems.

The Government argues that the records of the Department of Human Services may only be released to selected persons or entities and that the law does not permit release to Defendant. Title 5 section 2528(a) provides in relevant part:

---

[1] In a separate order entered on this date, Count I of the Information was dismissed.

Youth Services Administration[2] records and files shall only be open to inspection by consent of the Family Division to persons having a legitimate interest therein. . . . Persons or agencies permitted access without consent of the Family Division are as follows:

(1) the representatives of a public or private agency, department, or institution providing supervision or having legal custody of the child or in preparing an official report to the court;

(2) legal counsel for the child.

The Government argues that except for the persons or agencies enunciated above, no other person may have access to Human Services records without an order from the Family Court, and since Defendant is not a person or agency as enunciated above, he requires an order from the Family Court to obtain the victim's records. The Government further argues that this Court is not the Family Court, therefore it lacks jurisdiction over this matter.

The Government addresses Defendant's request for school disciplinary records in its Motion in Limine. The Government argues that Defendant wants to obtain information regarding the victim's school behavior for use during trial, and that such evidence is irrelevant to the charge of assault against Defendant.

Defendant argues that such evidence would be relevant and material in order to cross examine the victim about self-defense issues, as well as to establish Defendant's need and manner of correcting the victim. Defendant states that the information is also needed to cross examine the victim regarding her motive, bias and modus operandi, and that it must be produced under *Brady v. Maryland*, 373 U.S. 83 (1963).

## II.

■ This Court cannot agree with the argument that it is separate and apart from the Family Court and therefore it cannot consent to the release of the victim's records from the Department of Human

---

[2] The Youth Services Administration, which has been renamed Children, Youth & Families, is a division within the Department of Human Services.

Services. In the Virgin Islands, we do not have a separate Family Court. What we have is a Family Division of the Territorial Court. Although the law makes a distinction between the Criminal Division and the Family Division, all judges of this Court handle family matters, despite the assignment of one judge at a time to that division. The judge assigned to the Family Division has primary judicial responsibility during the time he/she serves there, but all of the judges of the Territorial Court are general-jurisdiction judges, with concurrent jurisdiction over family matters. Accordingly, this Court can order the release of the victim's records at the Department of Human Services where Defendant has a legitimate interest in them.

■ Defendant's defense is that the victim, his minor daughter, presented disciplinary problems and that he was merely attempting to discipline her at the time the alleged offense occurred. The V.I. Code permits reasonable discipline of minor children. 14 V.I.C. § 507 and 14 V.I.C. § 293(a)(1). Since Defendant intends to use his daughter's behavior and her need for discipline as a defense, the Court finds that he has a legitimate interest in her records at the Department of Human Services, and will order their release.

■ This Court also rejects the Government's argument that the school disciplinary records of the victim are irrelevant to Defendant's defense. Defendant contends that his defense will be that he was attempting to correct and discipline his minor daughter and that he acted in self defense. He states that his daughter's school records will show that she was also having disciplinary problems at school. Under such circumstances, the school records are relevant to Defendant's defense, and should not be excluded unless they fail to meet other requirements for admission.

■ ■ Finally, the Sixth Amendment of the U.S. Constitution protects Defendant's right of cross examination. *Davis v. Alaska*, 415 U.S. 308, 315 (1974). Moreover, the Fifth Amendment protects his right to due process, including his right to the production of documents which support his claim of innocence. These rights supersede any local confidentiality or privacy laws. *McKinzy v. Wainwright*, 719 F.2d 1525, 1529 (11th Cir. 1983). Therefore, since denying Defendant the requested records and files would impinge

118

upon his right of cross examination and his right to due process, this Court will order their release.

## III.

Based on the foregoing, the Court concludes that it may order the Department of Human Services to release the victim's records to Defendant, and that the victim's school records at the Department of Education are relevant to his defense.

Accordingly, Defendant's Motion to Issue the Subpoena Duces Tecum for the victim's records will be granted, and the Government's Motion in Limine to exclude those records will be denied.

## ORDER

The matter having come before the Court on Defendant's Motion to Issue a Subpoena Duces Tecum for the minor victim's records from the Department of Human Services and the Department of Education, and the Government's Motion in Limine to exclude such records for lack of relevancy; and

Having considered the submissions of the parties; and

For the reasons set forth in the Court's Memorandum Opinion II of this date;

It is hereby,

ORDERED, that Defendant's Motion to Issue the two Subpoenas Duces Tecum is GRANTED; and it is further

ORDERED, that the Government's Motion in Limine to exclude the records is DENIED.